IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 23-cr-00372-1 |
| ) | |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| TERRANCE SANDERS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Terrance Sanders is charged with possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Before the Court is his motion to dismiss the indictment on Second Amendment grounds in light of recent Supreme Court case *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). For the following reasons, the motion [209] is denied.

**Background**

The government's evidence in this matter establishes that from May 2022 through June 2023, Sanders supervised the operation of a drug trafficking organization that distributed large quantities of fentanyl-laced heroin and crack cocaine in the vicinity of the 800 block of North Trumbull Avenue on the west side of Chicago (the "Drug Spot"). During the early morning hours of June 4, 2023, while Sanders was supervising the Drug Spot's operations, he used a firearm to fire multiple bullets at a vehicle that he believed shot at the Drug Spot. One day later, on June 5, 2023, Sanders provided a firearm to Raheem Smith, who distributed fentanyl-laced heroin at the Drug Spot under Sanders' supervision.

On August 30, 2023, a grand jury indicted Sanders and 12 other defendants charged in the complaint in a six-count indictment. The indictment charged Sanders and 10 others (including

Smith) with violating § 846 ("Count One"). The indictment also charged Sanders with violating 18 U.S.C. § 924(c) by knowingly using, carrying and discharging a firearm during and in relation to the drug trafficking conspiracy between on or about June 4, 2023, and June 5, 2023 ("Count Four"). On November 12, 2023, Sanders filed his instant motion to dismiss the Section 924(c) charges from the indictment.

**Legal Standard**

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds. *See United States v. Coscia*, 866 F.3d 782, 790 (7th Cir. 2017) (considering defendant's contention that the indictment must be dismissed because the statute under which it is brought is unconstitutionally vague). A court may decide all questions of law raised in a motion to dismiss, including the constitutionality and interpretation of a federal statute. *See United States v. Sorich*, 523 F.3d 702, 706 (7th Cir. 2008).

**Discussion**

    A. **Second Amendment**

The Second Amendment to the United States Constitution states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Second Amendment guarantees the right of "law-abiding, responsible citizens" to keep and bear arms for self-defense. *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008).

In *Bruen,* the Supreme Court announced a new test for analyzing the constitutionality of firearm restrictions. 142 S. Ct. at 2127. First, courts must determine whether the "Second Amendment's plain text covers an individual's conduct." *Id.* at 2129–30. If so, the Constitution

2

presumptively protects that conduct and the burden shifts to the government to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126. Only then may the Court conclude that the "individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (citing *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10, 81 S. Ct. 997, 6 L. Ed. 2d 105 (1961)); *see also United States v. Rahimi*, No. 22-915, 2024 WL 3074728, at *6 (U.S. June 21, 2024) (applying *Bruen*).

### B. Section 924(c)

Here, Sanders cannot satisfy the first step in the analysis. The text of the Second Amendment does not cover an individual's right to use or carry a firearm "during and in relation to" a federal drug trafficking crime or crime of violence, or to possess a firearm "in furtherance of" any such crime—i.e., the conduct prohibited under Section 924(c). Instead, the Second Amendment protects the right to bear arms "for a lawful purpose," *see Heller*, 554 U.S. at 620, and, in particular, "individual self-defense," *see McDonald*, 561 U.S. at 767; *id.* at 780 (explaining that "the Second Amendment protects a personal right to keep and bear arms for lawful purposes"). The Seventh Circuit has previosuly rejected Second Amendment challenges to Section 924(c), finding that the Second Amendment's protections do not extend to using or possessing a gun to facilitate other federal crimes. *See United States v. Jackson*, 555 F.3d 635, 636 (7th Cir. 2009) ("The Constitution does not give anyone the right to be armed while committing a felony, or even to have guns in the next room for emergency use should suppliers, customers, or the police threaten a dealer's stash."). Thus, Section 924(c) is not covered by the plain text of the Second Amendment.

Because Sanders cannot satisfy the first step of this analysis, we need not move on to the next step of the *Bruen* analysis. *See Bruen*, 597 U.S. at 18 ("[T]he analysis can stop. . .," once it is established that the plain text of the Second Amendment does not protect the conduct prohibited by the statute at issue.) Thus, Section 924(c) is facial constitutional.

**Conclusion**

      Section 924(c) is facial constitutional. Thus, the Court denies the motion to dismiss [209].

**IT IS SO ORDERED.**

Date: August 21, 2024                      Entered: _____
                                                                       SHARON JOHNSON COLEMAN
                                                                         United States District Judge