**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 1:23-cv-00372-1 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| TERRANCE SANDERS., | ) | |
| *Defendant.* | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant, Terrance Sanders ("Defendant"), moves this Court to enter an order directing the government to provide a bill of particulars identifying the date and location of the drug trafficking crime furthered by the possession of the firearm alleged in Count Four of the superseding indictment. The Court, having taken the Defendant's Motion for Bill of Particulars under advisement, now grants the Motion, [Dkt. 505], to allow the Defendant to adequately prepare his defense.

**BACKGROUND**

As set forth in the Superseding Indictment, Defendant is charged with a drug conspiracy beginning no later than in or about May 2022, and continuing through in or about June 2023, involving 100 grams of heroin, 40 grams of fentanyl, and 500 grams of cocaine in violation of 18 U.S.C. §846 (Count One) and discharge of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c) (Count Four).

The crux of Count Four is a shooting that occurred on June 4, 2023, at the corner of Chicago and Trumbull, the location of the alleged drug spot. At approximately 1:55 a.m., someone began firing shots at the crowd. According to the government, Defendant returned fire, stating he was "just trying to protect the neighborhood."

**LEGAL STANDARD**

Pursuant to Fed. R. Crim P. 7(f), the Court may direct the government to file a bill of particulars if it determines the defendant is not sufficiently appraised of the charges against him in order to adequately prepare for trial. *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir.2008). In deciding whether a bill of particulars is appropriate, the court may consider "the complexity of the charges, the clarity of the indictment, and the degree of discovery available to the defense absent a bill." *United States v. Esteves*, 886 F. Supp. 645, 646 (N.D. Ill. 1995) (Bucklo, J.). Generally, an indictment that includes each of the elements of the charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the applicable statute is sufficient to meet that standard. *See United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir.2003).

**DISCUSSION**

In his Motion, Defendant seeks a specific, single piece of information that he believes Count Four and subsequent discovery do not reveal – the date and location of the drug activity the firearm is alleged to have furthered. (Dkt. 595 at *3). Count 4 lists the predicate drug offense as "the drug conspiracy charged in Count One," involving multiple participants and transactions between May, 2022 and June 2023. (*See id.* at *3-4). The government does not disclose, however, that the gun it alleges Defendant discharged during the June 4, 2023, incident, was discharged "in furtherance" of a drug crime. (*See id.* at *4).

The government argues the Court should deny Defendant's Motion because the indictment, combined with the discovery and the 106-page Complaint filed in this case, provides more than adequate notice of the government's theory of the 924(c) charge. (Dkt. 523 at *1). Specifically, the government argues that Count Four adequately alleges the elements of the predicate drug trafficking conspiracy, the dates of the offense (June 4 and 5, 2023), that Defendant committed the offense in Chicago, and the citation to the applicable criminal statute. (*Id.* at *8). Importantly, the government

2

asserts that Defendant's argument that the firearm furthered no specific drug trafficking crime goes more towards the weight of the evidence, which should be decided by the jury at trial, and is not a basis for a bill of particulars. (*Id.* at *5).

The Court agrees with the Defendant. Without knowing the predicate drug activity the gun was possessed "in furtherance" of, the Defendant is unable to prepare his defense, thus requiring a bill of particulars. Otherwise, Defendant would be left to guess which of the potentially dozens of alleged drug deals that took place over the course of thirteen months will serve as the basis of the government's § 924(c) charge resulting from the firearm incident discussed above. *See United States v. Forbes*, 2014 WL 7183709 (N.D. Ind. Dec. 16, 2014) (Deguilio, J.) (justifying a bill of particulars where the defendant was left to guess which of the potentially dozens of alleged drug deals over a seven-month period serves as the basis of the government's § 924(c) charge).

Additionally, in considering the complexity of the charges raised against numerous defendants, participants, and transactions between May 2022 and June 2023, the Court finds a bill of particulars appropriate to ensure the Defendant is sufficiently appraised of the charges against him. *See Esteves*, 886 F. Supp. at 646. While the indictment properly alleges the elements of the predicate drug trafficking conspiracy, it does not outline the specific drug offense Defendant committed when he allegedly discharged a firearm on June 4th to further that conspiracy. Additionally, while it is true that Defendant's argument that his possession of a firearm furthered no specific drug trafficking crime is relevant to the weight of evidence presented to jury, Defendant must be provided with the details of the charge against him in order to adequately prepare a defense based on the weight of that evidence. Finally, because the Defendant seeks a limited, particularized piece of information, requiring a bill of particulars does not prejudice the government in this circumstance.

**CONCLUSION**

Accordingly, the Court orders the government to produce a bill of particulars for Count Four of the superseding indictment.

**IT IS SO ORDERED.**

Date: 10/17/2025

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge